John MENDONCA, Dorothy H. Mendonca, Howard G. Heckner, and Peninsula Realty, Ltd., Petitioners-Appellants,

v.

DEPARTMENT OF NATURAL RESOURCES, Respondent.

Court of Appeals

*No. 84-2111. Submitted on briefs July 30, 1985.—*
*Decided September 17, 1985.*
(Also reported in 376 N.W.2d 73.)

For the appellants there were briefs by *Kaftan, Kaftan, Van Egeren, Ostrow, Gilson, Geimer & Gammeltoft, S.C.*, of Green Bay.

For the respondent there was a brief by *Bronson C. La Follette*, attorney general, and *Maryann Sumi*, assistant attorney general.

Before Dean and LaRocque, JJ., and Bruce F. Beilfuss, Reserve Judge.

LaROCQUE, J.   John Mendonca, Dorothy Mendonca, Howard Heckner, and Peninsula Realty, Ltd., Door County property owners, appeal a judgment dismissing their petition for judicial review for lack of standing under secs. 227.15 and 227.16, Stats.[1] Because we conclude that the adoption of a final Wisconsin wetland inventory map has a sufficiently direct effect on the petitioners' legally protected interests, we reverse. *See Wisconsin's Environmental Decade, Inc. v. PSC*, 69 Wis. 2d 1, 9, 230 N.W.2d 243, 247–48 (1975).

Pursuant to secs. 23.32 and 59.97, Stats., and Wis. Admin. Code § NR 115 (1980), the DNR adopted final inventory wetland maps for Door County. Included in this description is the petitioners' property. Provisions of Wisconsin's Shoreland Management Program, Wis. Admin. Code § NR 115 (1980), mandate that each county shall, within six months of receipt of the final

---

[1] Section 227.15, Stats., provides in part:

Judicial review; decisions reviewable. Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter . . . .

Section 227.16(1), Stats., provides in part:

Parties and proceedings for review. (1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.15 shall be entitled to judicial review thereof as provided in this chapter.

wetland inventory maps, place in a shoreland-wetland zoning district all lands designated as wetlands. Wis. Admin. Code § NR 115.05 (2) (b) (1980). The same code provides for a comprehensive list of restrictions on lands so zoned. Wis. Admin. Code § NR 115.05 (3) (1980). A county can attempt to rezone the wetland districts, Wis. Admin. Code § NR 115.05 (2) (3) (1980), but the DNR has the authority to supersede the amended ordinance if it determines that sec. 59.971, Stats., is not satisfied. Wis. Admin. Code § NR 115.05 (2) (e) (8) and (9) (1980). Because the petitioners' property was included in the wetland district, they sought judicial review of the designation. The trial court denied the petitioners' request, holding that they lacked standing.

Standing to seek review of an administrative decision is governed by secs. 227.15 and 227.16 (1), Stats. *Fox v. Department of Health and Social Services,* 112 Wis. 2d 514, 523, 334 N.W.2d 532, 536–37 (1983). The two-part test for standing was recently reiterated in *Fox,* 112 Wis. 2d at 524, 334 N.W.2d at 537: "The first step is to determine whether the decision of the agency directly causes injury to the interest of the petitioner. The second step is to determine whether the interest asserted is recognized by law." In *Fox,* the Milwaukee County district attorney was found not to have standing to challenge an environmental impact statement relating to a prison to be built in Columbia County. The court concluded that the district attorney's alleged injuries arose only from presumed psychological effects that inmates would suffer in the prison system at Portage and were "simply too remote to be considered 'direct injury' so as to confer standing . . . ." *Id.* at 527, 334 N.W.2d at 538.

In *Wisconsin's Environmental Decade,* on the other hand, the petitioner was found to have standing to challenge a decision of the Wisconsin Public Service Commission to place limitations on the sale of natural gas.

There, the harm to the petitioner was the prevention of future availability of natural gas and the necessity for lower priority customers to rely on more environmentally damaging sources of fuel. Despite the PSC's claims that the harms were speculative and remote, the court held that an "[i]njury alleged, which is remote in time or which will only occur as an end result of a sequence of events set in motion by the agency action challenged, can be a sufficiently direct result of the agency's decision to serve as a basis for standing." *Id.* at 14, 230 N.W.2d at 250. The sequence of events, however, "cannot be so 'conjectural . . . as to strain the imagination.'" *Fox,* 112 Wis. 2d at 527, 334 N.W.2d at 539 [citation omitted].

The DNR argues that the petitioners have not suffered a direct and actual injury as a result of its classification of the petitioners' land as wetland. Rather, the DNR asserts that any injury comes about because of the rezoning by the county board of the land as wetland. We are not persuaded by this argument.

When the DNR designates land as wetland, the county must enact a zoning ordinance in accordance with the designation. Wis. Admin. Code § NR 115.05(2)(b) (1980). The code places severe use restrictions on shoreland-wetland zoning districts. Wis. Admin. Code § NR 115.05(3) (1980). This mandate to rezone, coupled with the severe use restrictions, causes the petitioners direct and tangible harm. Unlike the hypothetical injury in *Fox,* the petitioners here stand to suffer the direct and certain harm of severely restricted land use and property value decline. Contrary to the DNR's claim, the classification of the land as wetland is the triggering event causing this direct harm. Further, the petitioners actually own the land in question, giving them a concrete, rather than a speculative, interest in the zoning classifi-

cation of their land. *See Kammes v. Mining Investment and Local Impact Fund Board,* 115 Wis. 2d 144, 151–52, 340 N.W.2d 206, 210 (Ct. App. 1983). Because the DNR's decision directly causes injury to the petitioners' interest, they have met the first requirement of standing.

Petitioners' interest in their land is a legally protected interest, and they therefore satisfy the second standing requirement. Petitioners, like all landowners, have a right to be free of unreasonable and illegal restraints on the use and enjoyment of their property.

We further note that the express language of the code grants review. Wis. Admin. Code § 115.05(2)(a)(7)7 (1980) provides that "the adoption of a final Wisconsin wetland inventory map is a final decision of the department and may be reviewed as provided in ch. 227, Stats." The DNR argues that *Cornwell Personnel Associates, Ltd. v. DILHR,* 92 Wis. 2d 53, 284 N.W.2d 706 (Ct. App. 1979), requires disregard of this language because it "inadvertently" confers standing on a party who is not aggrieved. *Cornwell* merely holds that the ultimate test, regardless of the apparent grant of standing, is governed by statute. *See id.* at 62–63, 284 N.W.2d at 711. We conclude that the petitioners have standing under secs. 227.15 and 227.16(1).

*By the Court.*—Judgment reversed.